[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 2, 1990, court heard a variety of post judgment motions pertaining to custody and visitation of the minor son of the parties. Both parties were represented by counsel and each testified at the hearing. Only two motions were on the printed calendar; a motion for the appointment of an attorney CT Page 1157 for the child and a motion to define reasonable visitation. The plaintiff father was the moving party in each instance.
Counsel for the defendant mother represented to the court that it was imperative that the court consider four other unprinted motions offered by the defendant. These motions requested a change of venue to Norwich, reference to Family Relations in Norwich, an application for ex parte order of custody and a motion to modify custody.
In argument the defendant's counsel represented to the court that some of the issues presented by her motions had been before Judge Kline in Hartford on June 6, and June 27, 1990. Judge Kline had taken cognizance of a petition for habeas corpus brought by the plaintiff father to restore visitation denied by the mother. Judge Kline held two separate hearings on the issues defined by the habeas petition and the motions offered by defendant mother.
At the last hearing on June 27, 1990 before Judge Kline, counsel made him aware that the plaintiff's two motions docketed in New Britain were scheduled for a hearing on July 2, 1990. Judge Kline therefore granted temporary custody of the minor to plaintiff's parents and transferred the file to New Britain with said order to terminate on July 2, 1990.
At the hearing the defendant testified that she had reported her suspicions of sexual abuse to the Department of Children and Youth Services and to the State Police. She also testified that both agencies were conducting investigations centered around New London County, the residence of the grandparents, the defendant mother and the temporary residence of the child.
After weighing this testimony, the court determined that the best interest of the child required a continuation of Judge Kline's order of temporary custody, that the appropriate forum for the resolution of all motions was the New London-Norwich Judicial District. Accordingly, the court transferred the file and issued a variety of temporary orders without prejudice.
DONALD T. DORSEY JUDGE, SUPERIOR COURT